[Cite as *State v. Quinones*, 2014-Ohio-5544.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 100928

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**ANDREW QUINONES**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-12-562226-A

**BEFORE:** Celebrezze, P.J., McCormack, J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** December 18, 2014

**ATTORNEY FOR APPELLANT**

Russell S. Bensing
1350 Standard Building
1370 Ontario Street
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:     Holly Welsh
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., P.J.:

{¶1} Defendant-appellant Andrew Quinones appeals from his convictions for rape, gross sexual imposition, and kidnapping. After a careful review of the record and relevant case law, we affirm appellant's convictions.

## I. Procedural History

{¶2} On December 4, 2012, appellant was indicted on three counts of rape, four counts of kidnapping, one count of gross sexual imposition, and one count of pandering obscenity involving a minor. The indictment was rendered based on allegations that appellant had molested victim, S.H., seven years earlier when she was between the ages of nine and ten.

{¶3} On May 6, 2013, the case proceeded to a jury trial. At the conclusion of the state's case, the state dismissed Count 9, pandering obscenity involving a minor. At the conclusion of trial, the jury was deadlocked and a mistrial was declared. A new trial was set for July 8, 2013.

{¶4} On July 26, 2013, a new attorney filed a notice of appearance on behalf of appellant, and a bench trial began on November 19, 2013. At the conclusion of trial, the trial court found appellant guilty on all counts.

{¶5} At sentencing, appellant was sentenced to five years for gross sexual imposition, ten years for rape, and life with the possibility for parole after ten years for kidnapping. The sentences were ordered to run concurrently. The court also declared appellant to be an aggravated sexually-oriented offender.

## II. Statement of the Facts

{¶6} In March 2004, Heather H. became romantically involved with appellant. Shortly thereafter, Heather learned that she was pregnant with appellant's child. On May 24, 2004,

Heather and appellant married. During Heather's pregnancy, appellant was in the military and stationed in Pensacola, Florida while Heather remained in Ohio.

{¶7} In September 2004, appellant returned to Ohio, without permission from his superiors, when he learned that Heather was experiencing medical complications due to her pregnancy. Appellant moved in with Heather and her family in order to care for Heather during the remainder of her pregnancy. At the time, Heather lived with her mother Helen, her 10-year-old sister S.H., and her 11-year-old brother W.H.

{¶8} On January 10, 2005, Heather and appellant's daughter, A.Q., was born. After A.Q.'s birth, appellant returned to Pensacola, Florida, where he was punished for his unauthorized absence and ultimately discharged from the military. When appellant returned to Ohio, he permanently moved into Helen's residence.

{¶9} While appellant was living in Helen's household, Helen had a job with a municipal clerk of courts office. Additionally, Heather worked at a local drug store. Consequently, S.H. and W.H. were often left at home alone with appellant, and he became the authority figure in the household.

{¶10} S.H. testified that when she was between the ages of nine and ten, appellant began sexually abusing her. According to S.H., the abuse began with a kiss and escalated into appellant instructing her to "touch his penis," inappropriately touching her, and directing her to perform oral sex. S.H. testified that appellant's requests became more frequent and aggressive. On a specific occasion, appellant forced her to perform oral sex by pulling her elbows together and pushing her head down. S.H. testified that on a number of occasions, he took her down to the basement and forced her to have anal sex. S.H. explained that she complied with appellant's directions because she felt that she had to obey him or she would be punished. S.H. stated that

the abuse ended when she moved to Crawford County with her mother and brother in the fall of 2005.

{¶11} S.H. testified that as she became older and fully grasped what had been done to her, she became depressed and suicidal. S.H. stated that she was concerned appellant would sexually abuse A.Q.

{¶12} When S.H. was approximately 16 years old, she was participating in a junior varsity basketball practice when she reacted negatively to a comment one of her teammates made and "stormed out of the gym in a rage." Her coach, Jen Meyer, followed S.H. into the locker room. Meyer testified that when she asked S.H. what was bothering her, S.H. responded that "there were things that happened at home that weren't good." Meyer testified that she encouraged S.H. to meet with the school's guidance counselor, Tena Eyster.

{¶13} After several meetings with Eyster, S.H. disclosed that she had been "molested by a family member" when she was younger and living in Cleveland. According to Eyster, S.H. conveyed the information in a very "matter of fact" manner and stated that "there was oral sex and penetration." Following this conversation, Eyster contacted Crawford County Children and Family Services. Eyster also contacted S.H.'s mother, Helen, and set up a meeting where S.H. told her mother about the abuse.

{¶14} Devon Sipes Ruiz, a case worker for Crawford County Children and Family Services, testified that she was assigned to perform an assessment of S.H. Ruiz testified that once she confirmed that S.H. was no longer residing in the home with appellant, she contacted law enforcement and made them aware of the allegations. Thereafter, Ruiz conducted an interview of S.H. where S.H. described some specific details of her sexual abuse. Ruiz testified that she subsequently sent a copy of her assessment to the Newburgh Heights Police Department.

**{¶15}** Detective Brian O'Connell of the Newburgh Heights Police Department was assigned to investigate the sexual assault of S.H. Det. O'Connell testified that following his receipt of case worker Ruiz's assessment, he contacted Helen and asked to meet S.H. Det. O'Connell stated that he and a representative of the Cleveland Rape Crisis Center conducted an interview with S.H. Det. O'Connell testified that although "her statements were somewhat vague on dates and times," S.H. was able to explain and

> articulate that there were multiple instances that began to happen, instances being that of kissing, then progressed on to fondling of genitalia — [appellant]'s genitalia with her hand, him fondling S.H. with his hands. Then it progressed to oral sex, * * * as well as then progressing to what [S.H.] stated herself as sodomy and anal sex.

Following his interview of S.H., Det. O'Connell conducted a non-custodial interview of appellant. Det. O'Connell described appellant as "evasive" and "physically uptight."

**{¶16}** Appellant brings this timely appeal, raising one assignment of error for review.

### III. Law and Analysis

**{¶17}** In his sole assignment of error, appellant argues that he was denied the effective assistance of counsel, in violation of the Sixth Amendment to the U.S. Constitution.

**{¶18}** In order to establish a claim of ineffective assistance of counsel, appellant must demonstrate that (1) counsel's performance was deficient or unreasonable under the circumstances and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In Ohio, an attorney properly licensed is presumed competent. *State v. Lott*, 51 Ohio St.3d 160, 174, 555 N.E.2d 293 (1990). The defendant has the burden of proof and must overcome the strong presumption that counsel's performance was adequate or that counsel's action might be sound trial strategy. *State v. Smith*, 17 Ohio St.3d 98, 100, 477 N.E.2d 1128 (1985).

**{¶19}** Generally, decisions on strategy and trial tactics are granted wide latitude of professional judgment, and it is not the duty of a reviewing court to analyze trial counsel's legal tactics and maneuvers. *State v. Gau*, 11th Dist. Ashtabula No. 2005-A-0082, 2006-Ohio-6531, ¶ 35, citing *Strickland.* Furthermore, "in a bench trial, the trial court is presumed to have relied only upon admissible evidence." *State v. Warren*, 8th Dist. Cuyahoga No. 83823, 2004-Ohio-5599, ¶ 47, citing *State v. Davis*, 63 Ohio St.3d 44, 584 N.E.2d 1192 (1992). *See also State v. Turner*, 10th Dist. Franklin No. 04AP-364, 2004-Ohio-6609, ¶ 24.

**{¶20}** In the case at hand, appellant contends that defense counsel was deficient in three different respects. He claims that defense counsel used improper strategy and tactics, allowed impermissible evidence to be admitted at trial, and failed to adequately prepare for trial.

**{¶21}** Initially, appellant argues that defense counsel's strategy was "doomed" in "the most offensive way possible." Here, the record reflects that defense counsel attempted to discredit S.H.'s testimony by suggesting that it was "anatomically impossible" for appellant to anally rape S.H. without causing her serious physical injuries. Appellant's defense was centered on his past sexual partners, who were called to testify about appellant's anatomy and sexual history. Appellant contends that defense counsel's theory of defense was irrelevant and constituted a misunderstanding of the law.

**{¶22}** Further, appellant challenges defense counsel's decision to elicit testimony during the cross-examination of Heather and social worker Ruiz relating to whether they believed S.H.'s allegations and asking Det. O'Connell if he "form[ed] an opinion as to [appellant's] guilt." Appellant argues that defense counsel effectively bolstered the credibility of S.H. and prejudiced his own client's defense.

**{¶23}** Next, appellant argues that defense counsel failed to object to numerous instances of inadmissible evidence. Specifically, he contends that defense counsel failed to object to Heather's testimony concerning their "terrible marriage" or to Det. O'Connell's testimony that appellant was "very evasive" during his initial interview.

**{¶24}** Finally, appellant argues that defense counsel's conduct throughout the trial placed his level of preparation into question.

**{¶25}** After a careful review of the record in its entirety, we find that appellant has not demonstrated a "reasonable probability" that the outcome of the proceedings would have been different but for defense counsel's deficient performance. We recognize that defense counsel's line of questioning relating to appellant's sex life with his past partners may not have been relevant. Further, the record supports appellant's position that defense counsel should not have raised questions concerning S.H.'s credibility during cross-examination and demonstrated a lack of preparation prior to calling appellant to the stand. Nevertheless, we will ordinarily refrain from second-guessing strategic decisions counsel makes at trial, even where counsel's trial strategy was questionable. *See State v. Patterson*, 8th Dist. Cuyahoga No. 100086, 2014-Ohio-1621, ¶ 33 ("the scope of cross-examination falls within the realm of trial strategy and, therefore, debatable trial tactics do not establish ineffective assistance of counsel"), citing *State v. Clayton*, 62 Ohio St.2d 45, 49, 402 N.E.2d 1189 (1980).

**{¶26}** Moreover, we must presume that the trial court, serving as the trier of fact in a bench trial, did not consider such improper evidence. *In re B.P.K.*, 10th Dist. Franklin No. 12AP-343, 2012-Ohio-6166, ¶ 19. In fact, the trial court emphasized this point, stating:

> I want the reviewing court to realize that certain testimony, and particularly the testimony that was elicited by the defense on cross-examination which was opinion testimony by the detective in the case about whether he believed the

defendant was telling the truth during the course of his statement, the Court did not consider the opinion testimony in reaching its verdict, or anyone else.

{¶27} In our view, the perceived errors in defense counsel's performance did not impact the sufficiency of the state's evidence. As noted by the trial court at the sentencing hearing, S.H.'s testimony was consistent throughout the proceedings despite defense counsel's attempts to impeach her credibility and time line. (Tr. 1620-22.) As such, appellant's ineffective assistance of counsel arguments fail the second prong in *Strickland, supra*.

{¶28} Appellant's sole assignment of error is overruled.

{¶29} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

TIM McCORMACK, J., and
EILEEN T. GALLAGHER, J., CONCUR