[Cite as *State v. Ray*, 2020-Ohio-1265.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| JAMES T. RAY | : | Case No. 2019 CA 0034 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Court of Common
Pleas, Case No. 2018CR1003N


JUDGMENT:     Affirmed


DATE OF JUDGMENT:     March 27, 2020


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JOSEPH C. SNYDER                    NATALIE V. MCGEE
28 South Park Street                    6810 Caine Road
Mansfield, OH  44902                    Columbus, OH  43235

*Wise, Earle, J.*

{¶ 1}   Defendant-Appellant James T. Ray appeals the April 3, 2019 judgment of the Richland County Court of Common Pleas, Mansfield, Ohio. Plaintiff-Appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   A recitation of the underlying facts is unnecessary to our resolution of this appeal. In November 2018, Ray was indicted on two counts of felonious assault, felonies of the second degree.

{¶ 3}   On February 6, 2019, counsel for Ray requested a hearing to address Ray's concerns regarding his belief that the common pleas judge assigned to his case, Judge Naumoff, had signed a search warrant for his vehicle at the time of the events alleged in this case, and before Judge Naumoff was elected to the common pleas bench. At the hearing counsel for Ray explained this concern and further that counsel did not view this fact as proper grounds for recusal and had no intention to file an affidavit of recusal. Ray then addressed the court as advised Judge Naumoff that he had represented him on his "first felony" in 2009 or 2010. Judge Naumoff advised Ray that he had no recollection of representing him, and that he was elected to the municipal court bench in 2010.

{¶ 4}   Counsel for Ray explained that he had advised Ray that the matter would be tried to a jury, with Judge Naumoff instructing the jury on the law which counsel believed in no way created a conflict. The court advised Ray that his counsel was correct, and that the trial court had no role in determining his guilt or innocence.  Judge Naumoff further explained to Ray that there was no suppression issue before the court, and thus the fact that he may have signed the search warrant was also of no consequence.

{¶ 5} Before concluding the hearing the trial court conducted a search of the common pleas court docket and could find no matter in which Judge Naumoff had represented Ray. Finally, Ray indicated he was "very satisfied" with his counsel's representation.

{¶ 6} On February 11, 2019, Ray appeared for a plea hearing. The state dismissed count two of the indictment, felonious assault. Following a Crim.R 11 plea colloquy, Ray entered a plea of guilty to count one, felonious assault, a felony of the second degree. He again stated he was satisfied with his trial counsel. The trial court accepted Ray's plea, convicted him and set the matter over for sentencing following a presentence investigation.

{¶ 7} Ray appeared for sentencing on April 1, 2019. Based on extensive injuries suffered by the victim in this matter, the victim's wishes, and Ray's extensive prior record, the state asked the trial court to impose a maximum sentence of eight years. After considering these and other factors, the trial court sentenced Ray to seven years incarceration.

{¶ 8} Ray timely filed an appeal and the matter is now before this court for consideration. He raises one assignment of error:

I

{¶ 9} "APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL DURING THE PRETRIAL PHASE OF HIS TRIAL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTION 10, OF THE OHIO CONSTITUTION."

{¶ 10} In his sole assignment of error, Ray argues his trial counsel rendered ineffective assistance by failing to investigate and file a motion for the trial judge to recuse himself. We disagree.

{¶ 11} To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate: (1) deficient performance by counsel, i.e., that counsel's performance fell below an objective standard of reasonable representation, and (2) that counsel's errors prejudiced the defendant, i.e., a reasonable probability that but for counsel's errors, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus. "Reasonable probability" is "probability sufficient to undermine confidence in the outcome." *Strickland* at 694, 104 S.Ct. 2052.

{¶ 12} Because there are countless ways to provide effective assistance in any given case, judicial scrutiny of a lawyer's performance must be highly deferential. *Strickland*, 466 U.S. 668 at 694, 104 S.Ct. 2052, 80 L.Ed.2d 674. "Decisions on strategy and trial tactics are granted wide latitude of professional judgment, and it is not the duty of a reviewing court to analyze trial counsel's legal tactics and maneuvers." *State v. Quinones*, 8th Dist. Cuyahoga No. 100928, 2014-Ohio-5544, ¶ 18.

{¶ 13} First, the state has responded to Ray's assignment of error by arguing this court has no jurisdiction to entertain Ray's argument because per the Ohio Constitution, Article IV, Section 5(C), only a member of the Supreme Court of Ohio may pass on the disqualification of a judge of the court of common pleas. The state further argues we are precluded from deciding the matter because Ray did not timely raise recusal below. We

disagree with both arguments. Ray's argument is not that Judge Naumoff improperly failed to recuse himself. Rather his argument is his trial counsel was ineffective for failing to investigate the issue and file an affidavit of disqualification – a matter appropriately addressed to this court on direct appeal.

{¶ 14} Next, a judge is presumed to be unbiased and unprejudiced over the matters in which he presides. *In re Disqualification of Olivito*, 74 Ohio St.3d 1261, 1263, 657 N.E.2d 1361 (1994). The appearance of any bias or prejudice on behalf of a judge must therefore be compelling to overcome the presumption of integrity. *Id.*

{¶ 15} While the matter is properly before this court, we reject Ray's argument. Ray has not pointed to any compelling evidence to overcome the presumption that the trial judge in this matter was fair and unbiased. During the February 6, 2019 hearing, Ray alleged the trial judge represented him in criminal matters in the court of common pleas in 2009, but presented no evidence to support that allegation. Additionally, the judge had no recollection of having represented Ray. Ray's allegation, without more, is insufficient to overcome the presumption. Further, our review of the record does not reveal any evidence of prejudice or bias on the part of the trial judge. While Ray points to the fact that he received sentence harsher than that which was initially contemplated by the parties, we note the trial court sentenced Ray after receiving a presentence investigation and after being fully apprised of Ray's violent criminal history.

{¶ 16} Finally, although Ray attaches documents allegedly from the Mansfield Municipal Court, these documents are outside the record as they were never presented below. A claim requiring proof that exists outside of the trial record cannot appropriately

be considered on a direct appeal. *State v. Hartman*, 93 Ohio St.3d 274, 299, 754 N.E.2d 1150 (2001).

{¶ 17} The sole assignment of error is overruled.


## CONCLUSION

{¶ 18} Ray's sole assignment of error is overruled and the judgment of the Richland County Court of Common Pleas is affirmed.


By Wise, Earle, J.

Hoffman, P.J. and

Baldwin, J. concur.


EEW/rw