[Cite as *State v. Carter*, 2021-Ohio-358.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| TYREE MARQUIS CARTER | : | Case No. 2020-CA0031 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Court of Common
Pleas, Case No. 2019-CR-0379N


JUDGMENT:     Affirmed


DATE OF JUDGMENT:     February 8, 2021


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JOSEPH C. SNYDER                    R. JOSHUA BROWN
38 South Park Street                    32 Lutz Avenue
Mansfield, OH  44902                    Lexington, OH  44904

*Wise, Earle, J.*

{¶ 1}   Defendant-appellant Tyree Marquis Carter appeals the February 18, 2020 judgment of conviction and sentence of the Richland County Court of Common Pleas. Plaintiff-appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   A detailed recitation of the underlying facts is unnecessary for our resolution of this appeal. The relevant facts are as follow.

{¶ 3}   On February 11, 2020, following a jury trial, appellant was found guilty of the murder of a fellow Mansfield Correctional Institute inmate, Michael Dodgens. Before trial began, the trial court judge, counsel for appellant, and counsel for the state met in chambers for a security hearing. Appellant was not present for this meeting. Matters discussed included the fact that appellant did not appear with civilian clothing ready for trial, and security measures which would be in place during trial due to the fact that rival prison gangs were involved in this matter and would be testifying.

{¶ 4}   The trial court indicated appellant's prison garb was a plain shirt and pants and did not bear any lettering or numbering which would indicate appellant was an inmate. Moreover, the trial court noted all witnesses would be testifying to an incident which took place in a prison and involved prisoners and prison officials. The trial court therefore did not find appellant's attire would be in any way prejudicial. Transcript of trial (T.) 1-2.

{¶ 5}   The trial court also noted that because witnesses would include members of rival prison gangs, appellant would be fitted with an ankle bracelet stun device during trial, but that this device would be covered by his pants. The court further indicated, for

the same reasons, appellant's legs would be shackled and extra security would be present in the court room. T. 2-3.

{¶ 6} Counsel for appellant objected to "* * * my client not being able to wear regular clothes * * *" and being shackled in any way. T. 5. The trial court clarified it was not prohibiting appellant from wearing civilian clothing. Rather, the problem was appellant had not acquired civilian clothing for purposes of trial. The trial court then offered to wait if counsel wished to go and purchase clothing for appellant. The court noted it had made efforts itself for alternative arrangements, however, no resources available to the court had clothing that would fit appellant. The court then indicated it would instruct the jury that it was not to use the fact that appellant was an inmate against him. T. 6. Trial proceeded without any further objection from counsel for appellant on these points.

{¶ 7} After being found guilty as charged, the trial court sentenced appellant to a prison term of 15 years to life to be served consecutively to the term he was already serving on unrelated charges. Appellant timely filed an appeal and the matter is now before this court for consideration. He raises one assignment of error:

I

{¶ 8} "APPELLANT WAS DENIED THE RIGHT TO A FAIR TRIAL IN VIOLATION OF HIS RIGHTS UNDER THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION AS A RESULT OF THE INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL."

{¶ 9} In his sole assignment of error, appellant argues his counsel rendered ineffective assistance. We disagree.

***Applicable Law***

{¶ 10} To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate: (1) deficient performance by counsel, i.e., that counsel's performance fell below an objective standard of reasonable representation, and (2) that counsel's errors prejudiced the defendant, i.e., a reasonable probability that but for counsel's errors, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus. "Reasonable probability" is "probability sufficient to undermine confidence in the outcome." *Strickland* at 694, 104 S.Ct. 2052.

{¶ 11} Because there are countless ways to provide effective assistance in any given case, judicial scrutiny of a lawyer's performance must be highly deferential. *Strickland*, 466 U.S. 668 at 694, 104 S.Ct. 2052, 80 L.Ed.2d 674. "Decisions on strategy and trial tactics are granted wide latitude of professional judgment, and it is not the duty of a reviewing court to analyze trial counsel's legal tactics and maneuvers." *State v. Quinones*, 8th Dist. Cuyahoga No. 100928, 2014-Ohio-5544, ¶ 18.

### *Prison Garb*

{¶ 12} Appellant first argues his counsel was ineffective for failing to secure civilian clothing for him to wear at trial. But as discussed in our statement of facts, appellant was not compelled to wear prison clothing. As further discussed above, appellant's clothing, although prison-issued, was described on the record as non-descript and did not identify appellant as a prisoner.

{¶ 13} In *Estelle v. Williams*, (1976), 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976), while the United States Supreme Court stated that a juror's judgment might be

affected by a defendant's appearance in prison clothing, it refused to establish a bright-line rule that a conviction must be overturned when an accused wore jail clothing at trial. "Instead, the inquiry must focus on whether the accused's appearance before the jury in jail clothes was compelled." *State v. Dorsey*, Cuyahoga No. 72177(Apr. 23, 1998) citing *Estelle,* supra. The *Estelle* court stated:

> The reason for this judicial focus upon compulsion is simple; instances frequently arise where a defendant prefers to stand trial before his peers in prison garments. The cases show, for example, that it is not an uncommon defense tactic to produce the defendant in jail clothes in the hope of eliciting sympathy from the jury. *Estelle* supra at 508.

{¶ 14} The record here fails to demonstrate that appellant was compelled to wear prison clothing. The record does reflect appellant had ample time to obtain civilian clothing, and in any event, his prison-issued clothing was not identifiable as such. Additionally, we note appellant was on trial for committing murder while incarcerated at the Mansfield Correctional Center. The jury was well aware that appellant was an inmate. Further, witnesses included other inmates and corrections officers. Therefore, even if counsel could somehow be found to have performed deficiently by failing to secure civilian clothing for appellant, appellant would still be unable to prove he was prejudiced thereby. Accordingly, appellant's prison garb argument is overruled.

### *Security Meeting*

{¶ 15} Appellant next argues his trial counsel's performance was lacking because he failed to object when appellant was not present at the security meeting conducted just before trial.

{¶ 16} In *State v. Wallace*, Richland App. No.2002CA0072, 2003-Ohio-4119, ¶ 14, this court set forth the relevant law regarding the presence of a defendant at critical stages of trial:

> "A defendant has a fundamental right to be present at all critical stages of his criminal trial. *State v. Hill*, 73 Ohio St.3d 433, 444, 1995-Ohio-287, 653 N.E.2d 271, citing, Crim.R. 43(A) and Section 10, Article I, Ohio Constitution. The United States Supreme Court has stated that an accused is guaranteed the right to be present at all stages of a criminal proceeding that are critical to its outcome when his or her absence may frustrate the fairness of the proceedings. *Kentucky v. Stincer* (1987), 482 U.S. 730, 745, 107 S.Ct. 2658, 96 L.Ed.2d 631. This right is embodied in Crim.R. 43(A). Criminal Rule 43(A) provides that, 'the defendant shall be present at the arraignment and every stage of the trial, including the impaneling of the jury, the return of the verdict, and the imposition of sentence, * * *.'"

{¶ 17} Appellant does not explain why his presence was required at the in-chambers conference nor how he suffered prejudice through his absence.

Appellant further cites no authority which supports his argument that a security meeting, which included a discussion of a defendant's clothing is a critical stage of trial.

{¶ 18} In *State v. Frazier* 115 Ohio St.3d 139, 2007-Ohio-5048, 873 N.E.2d 1263 the Supreme Court of Ohio found an in-chambers conference discussing clothing for the defendant and jury selection was not a critical stage of trial which would require defendant's presence. *Frazier* at ¶ 145. Similarly here, we find an in-chambers discussion regarding appellant's clothing and security measures is not a critical stage of trial. It had no bearing on the outcome of the trial, nor did it impact the fairness of the trial. Accordingly, we find counsel for appellant was not ineffective for failing to object to appellant's absence at the hearing.

### Leg Shackles

{¶ 19} Appellant also appears to argue trial counsel was ineffective for failing to object to the trial court's decision to require leg shackles on appellant during trial. Brief of Appellant at 13. However, counsel did indeed object. T. 5. Because appellant makes no argument beyond his allegation that counsel failed to object, we decline to address the matter further.

### Voir Dire, Opening Statement, and Cross Examination

{¶ 20} Appellant next states trial counsel's voir dire examination of potential jurors was too brief to have been effective, and characterizes counsel's opening statement as brief and "apathetic." He additionally states counsel failed to subpoena a witness and characterizes counsel's cross-examination of the state's witnesses as "paltry."

{¶ 21} As pointed out by the state, appellant has made no argument to support these bald statements, nor has he supported his allegations with references to the record or citations to authority to support a finding of ineffective assistance of counsel. App.R. 16(A)(7) requires an appellant to include in his brief "* * * [a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies". We may not create an argument for appellant as to why these stated infractions denied him ineffective assistance of counsel. See *Cardone v. Cardone*, 9th Dist. Summit Nos. 18349 and 18673, 1998 WL 224934, (May 6, 1998) ("If an argument exists that can support this assignment of error, it is not this [C]ourt's duty to root it out").

{¶ 22} Accordingly, we overrule appellant's arguments as to voir dire, opening statement and failure to subpoena a witness.

{¶ 23} Appellant's sole assignment of error is overruled, and the judgment of the Richland County Court of Common Pleas is affirmed.

By Wise, Earle, J.

Hoffman, P.J. and

Baldwin, J. concur.

EEW/rw