[Cite as *State v. Palmer*, 2023-Ohio-896.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| ALANZO PALMER, JR. | : | Case No. CT2022-0044 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Court of Common
                            Pleas, Case No. CR2022-0067


JUDGMENT:                   Affirmed


DATE OF JUDGMENT:           March 20, 2023


APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

JOHN CONNOR DEVER                     CHRIS BRIGDON
27 North Fifth Street                 8138 Somerset Road
P.O. Box 189                          Thornville, OH  43076
Zanesville, OH  43702

*King, J.*

{¶ 1}  Defendant-Appellant Alanzo Palmer, Jr. appeals the June 29, 2022 judgment of conviction and sentence of the Muskingum County Court of Common Pleas. Plaintiff-Appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2}  At some point between September of 2021 and February of 2022, Palmer attempted to infect his eight-month-old child with the herpes virus. He held the child down while he took discharge from herpes lesions on his penis and rubbed the discharge into the child's mouth. He admitted doing so during a recorded telephone conversation with the child's mother, during which Palmer also stated he did it because he wanted the child to suffer for life.

{¶ 3}  As a result, on March 3, 2022, the Muskingum County Grand Jury returned an indictment charging Palmer with one count of felonious assault, three counts of child endangering, and two counts of kidnapping.

{¶ 4}  On March 16, 2022, the state amended one count of kidnapping from a felony of the first degree to a felony of the second degree. Palmer then entered a plea of guilty to one count of kidnapping pursuant to R.C. 2905.01(A)(3), a felony of the second degree. Because the child continued to test negative for herpes at the time of Palmer's plea, the state dismissed the balance of the indictment. Due to the nature of the disease, however, the child will undergo periodic testing for a period of two years. The trial court ordered a presentence investigation and set the matter over for sentencing.

{¶ 5}   On June 14, 2022, Palmer filed a pro se motion to withdraw his guilty plea. Attached to the motion were voluminous records pertaining to his life-long history of learning disabilities.

{¶ 6}   At the June 27, 2022 sentencing hearing, however, Palmer withdrew his motion to withdraw his guilty plea and the trial court proceeded to sentencing. The court indicated it had received and reviewed the presentence investigation and had considered the nature of the offense. It further noted while Palmer had no prior felony convictions, he had a number of prior misdemeanors of violence and was on supervision for misdemeanor assault at the time he committed the instant offense. The trial court then sentenced Palmer to an indefinite prison term of 7 to 10 and one-half years and classified Palmer as a violent offender. In its subsequent judgment entry, the trial court indicated it had considered the purposes and principals of sentencing pursuant to R.C. 2929.11 and had balanced the seriousness and recidivism factors pursuant to R.C. 2929.12.

{¶ 7}   Palmer timely filed an appeal and the matter is now before this court for consideration. He raises two assignments of error as follow:

I

{¶ 8}   "THIS COURT SHOULD REVERSE THE TRIAL COURT'S DECISION TO IMPOSE A SEVEN YEAR INDEFINITE SENTENCE ON COUNT 5, KIDNAPPING, BECAUSE THE SENTENCE WAS IN CONTRAVENTION OF THE SENTENCING STATUTES R.C. §2929.11 AND R.C. §2929.12."

II

{¶ 9}   "DEFENSE COUNSEL WAS INEFFECTIVE WHEN OFFERING DEMINIMUS MITIGATION AT SENTENCING."

I

{¶ 10} In his first assignment of error, Palmer argues his sentence was disproportionate to the crime and inconsistent with the principals and purposes of sentencing as set forth in R.C. 2929.11 and R.C. 2929.12. We disagree.

Standard of Review

{¶ 11} A court reviewing a criminal sentence is required by R.C. 2953.08(F) to review the entire record, including any oral or written statements and presentence-investigation reports. R.C. 2953.08(F)(1) through (4). R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. See, also, *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.2d 659, ¶ 28.

{¶ 12} "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶ 13} Further relevant to our review in this matter, while a court imposing a felony sentence must consider the purposes of felony sentencing under R.C. 2929.11 and the sentencing factors under R.C. 2929 .12, "neither R.C. 2929.11 nor 2929.12 requires [the] court to make any specific factual findings on the record." *State v. Jones*, 163 Ohio St.3d

242, 2020-Ohio-6729, 169 N.E.3d 649, at ¶ 20, citing *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31, and *State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000). A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range." *State v. Morris*, 5th Dist. Ashland No. 20-COA-015, ¶ 90 quoting *State v. Dinka*, 12th Dist. Warren Nos. CA2019-03-022 and CA2019-03-026, 2019-Ohio-4209, ¶ 36.

## Analysis

{¶ 14} Palmer pled guilty to kidnapping pursuant to R.C. 2905.01(A)(3), a felony of the second degree. A felony of the second degree is punishable by "an indefinite prison term with a stated minimum term selected by the court of two, three, four, five, six, seven, or eight years and a maximum term that is determined pursuant to section 2929.144 of the Revised Code." R.C. 2929.14(A)(2)(a)."

{¶ 15} First, Palmer cites *State v. Hairston*, 118 Ohio St.3d 289, 2008-Ohio-2338, 888 N.E.2d 1073 for the premise that his indefinite seven to ten-and-a-half-year sentence is excessive and "shocks the sense of community." But the sentence is well within the statutory range, a fact Palmer does not challenge. As a general rule, a sentence that falls within the terms of a valid sentencing statute cannot constitute cruel and unusual punishment. *Id.* at ¶ 21. Palmer's sentence is therefore, neither excessive nor shocking.

{¶ 16} Palmer also argues the trial court failed to discuss the considerations outlined in R.C. 2929.11 and R.C. 2929.12. As outlined above, however, the court was not required to do so.

{¶ 17} The record demonstrates the trial court imposed a prison term which was within the statutory range and considered the requisite statutory factors in R.C. 2929.11 and R.C. 2929.12 when it fashioned Palmer's sentence. The trial court stated it had received and reviewed a presentence investigation, considered the nature of the offense, Palmer's prior misdemeanor record which includes acts of violence, and the fact that Palmer was on supervision when he committed this offense. Transcript of sentencing, June 27, 2022 at 6. In its sentencing judgment entry, the trial court indicated it had considered R.C. 2929.11 and R.C. 2929.12 in fashioning a sentence.

{¶ 18} Based on the forgoing, Palmer's sentence is not contrary to law.

{¶ 19} The first assignment of error is overruled.

II

{¶ 20} In his second assignment of error, Palmer argues he was denied effective assistance of counsel. We disagree.

Standard of Review

{¶ 21} To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate: (1) deficient performance by counsel, i.e., that counsel's performance fell below an objective standard of reasonable representation, and (2) that counsel's errors prejudiced the defendant, i.e., a reasonable probability that but for counsel's errors, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus. "Reasonable probability" is "probability sufficient to undermine confidence in the outcome." *Strickland* at 694, 104 S.Ct. 2052.

{¶ 22} Because there are countless ways to provide effective assistance in any given case, judicial scrutiny of counsel's performance must be highly deferential. *Strickland*, 466 U.S. 668 at 694, 104 S.Ct. 2052, 80 L.Ed.2d 674. "Decisions on strategy and trial tactics are granted wide latitude of professional judgment, and it is not the duty of a reviewing court to analyze trial counsel's legal tactics and maneuvers." *State v. Quinones*, 8th Dist. Cuyahoga No. 100928, 2014-Ohio-5544, ¶ 18. "Failure to present mitigating evidence * * * does not in itself constitute proof of ineffective assistance[.]" *State v. Hamblin*, 37 Ohio St.3d 153, 157, 524 N.E.2d 476, 480(1988). Accord *Burger v. Kemp*, 483 U.S. 776, 794-796, 107 S.Ct. 3114, 97 L.Ed.2d 638(1987); *State v. Coleman*, 85 Ohio St.3d 129, 138, 1999-Ohio-258, 707 N.E.2d 476; *State v. Keith*, 79 Ohio St.3d 514, 684 N.E.2d 47(1997).

Analysis

{¶ 23} Palmer argues his trial counsel offered little in the way of mitigation evidence regarding his potential sentence and he suffered prejudice as a result. Specifically, Palmer argues there is nothing on the record regarding his background and as a result, it is impossible to determine whether he fulfilled any of the mitigating factors set forth in R.C. 2929.12(C) and (E).

{¶ 24} R.C. 2929.12(C) provides:

(C) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:

(1) The victim induced or facilitated the offense.

(2) In committing the offense, the offender acted under strong provocation.

(3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.

(4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense.

{¶ 25} R.C. 2929.12(E) provides:

(E) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes:

(1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.

(2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.

(3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.

(4) The offense was committed under circumstances not likely to recur.

(5) The offender shows genuine remorse for the offense.

{¶ 26} Palmer does not identify any factor or factors contained in R.C. 2929.12(C) or (E) he believes his attorney should have offered in mitigation, nor does he explain how

offering a specific factor or factors would have changed the outcome of the proceeding. Moreover, Palmer fails to offer any authority to support a finding that counsel must discuss these factors in order to provide effective assistance.

{¶ 27} At sentencing, counsel for Palmer did indicate that by entering a plea of guilty, Palmer had accepted responsibility for his actions, and asked the trial court to consider the same in fashioning a sentence. Transcript of sentencing hearing, June 27, 2022 at 5. While Palmer argues counsel should have offered something more in mitigation he fails to articulate what that should have been. What is more, few if any of the above outlined factors apply to Palmer. Counsel is not required to make invalid arguments.

{¶ 28} Moreover, while Palmer argues there was nothing on the record regarding his background, the trial court ordered and reviewed a presentence investigation which contained Palmer's social and criminal history. We further note Palmer's counsel was successful in brokering a plea agreement with the state which resulted in dismissal of five of the six counts of the indictment. Additionally, the state reduced the level of the single offense Palmer did plead to from a felony of the first degree to a felony of the second degree. While Palmer argues he should have received a shorter sentence, he does so while ignoring the uniquely egregious facts of this case. We find Palmer's sentence was in no way due to any error on the part of his trial counsel.

{¶ 29} The second assignment of error is overruled.

{¶ 30} The judgment of the Muskingum County Court of Common Pleas is affirmed.

By King, J.

Gwin, P.J. and

Wise, J. concur.

AJK/rw