[Cite as *State v. Ware*, 2023-Ohio-1807.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| ABRAM WARE | : | Case Nos. 22CA48 |
| | : | 22CA49 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Court of Common
                             Pleas, Case Nos. 20CR369 &
                             21CR688



JUDGMENT:                    Affirmed



DATE OF JUDGMENT:            May 30, 2023



APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

MATT METCALF                          WILLIAM T. CRAMER
38 South Park Street                  470 Olde Worthington Road
Second Floor                          Suite 200
Mansfield, OH  44902                  Westerville, OH  43082

*King, J.*

{¶ 1}   Defendant-Appellant Abram Ware appeal the **** judgment of the Richland County Court of Common Pleas. Plaintiff-Appellee is the state of Ohio.

Facts and Procedural History

{¶ 2}   On April 13, 2020, Officer Mark Boggs of the Mansfield Police Department was dispatched to an Enterprise car rental store in regard to a disturbance call. Upon arrival, he noted Ware and a woman later identified as C'Asia Jackson standing outside the store. As Bogg walked by the pair to enter the store he asked if everything was okay. Ware replied "everything is cool" which caused Boggs to suspect Ware was the cause of the disturbance. Transcript of suppression hearing (TS) 4-5.

{¶ 3}   Inside the store, Boggs spoke to the employee who had called in the disturbance. The employee explained Ware wanted to extend the rental period on a rental car agreement. But because Ware was not an authorized driver on the agreement, the employee had declined to do so. In response, Ware began screaming and became threatening to employees. The employee requested Ware be removed from the property and that he be "trespassed." To "trespass" someone means Boggs would collect Ware's information and relay it to dispatch to document. Then if Ware appeared on the property in the future and employees called 911, dispatch would immediately know Ware was trespassing on the store property. TS 8-10.

{¶ 4}   Boggs therefore went back outside to collect Ware's information and found Officer Jordan Moore on the scene and already speaking with Ware. Boggs noted Ware had large bulges in his pant legs, appeared to have something shoved down the front of

his pants, and had visible pieces of plastic baggies sticking out of his waistband. TS 11, 14.

{¶ 5}   Ware had provided Moore with a name and social security number which Moore relayed to dispatch. Dispatch advised the information Ware had provided belonged to a deceased person. Upon this discovery, officers placed Ware under arrest. Ware was highly combative with officers and repeatedly yelled for Jackson to leave the scene. Once placed in handcuffs, a search of Ware's person produced a scale and several bags containing different types of suspected drugs. TS 10-16.

{¶ 6}   While that was going on, officers noticed Jackson kept moving a black bag out of their view. A later search of the bag produced marijuana and a handgun. TS 16-17.

{¶ 7}   The following day, a search of a hotel room where Ware was allegedly staying yielded additional drugs.

{¶ 8}   As a result of the incident at the Enterprise store, in case number 20CR369 the Richland County Grand Jury returned an indictment charging Ware with four counts of trafficking in cocaine, two counts of trafficking in a fentanyl-related compound, one count of possession of eutylone, one count of aggravated possession of methamphetamine, two counts of assault on a police officer and two counts of resisting arrest. In case number 21CR688, related to the search of Ware's hotel room, the Richland County Grand Jury retuned an indictment charging Ware with one count of aggravated possession of methamphetamine.

{¶ 9}   Ware pled not guilty to the charges and on March 2022 filed a motion to suppress. His motion argued Boggs and Moore had no cause to detain him at the

Enterprise store. At a hearing held on April 26, 2022, wherein Ware was represented by counsel, the state elicited the above outlined testimony from Officer Boggs. Ware presented no evidence. On May 6, 2022, the trial court issued a judgment entry overruling Ware's motion.

{¶ 10} On May 26, 2022, Ware elected to proceed to a bench trial and further elected to proceed pro se. The trial court appointed standby counsel for Ware. At the conclusion of state's evidence, the trial court granted Ware's Crim.R. 29 motion as to both counts of assault on a police officer, and one count of resisting arrest.

{¶ 11} Ware then elicited testimony from Officer Boggs and Officer Moore.

{¶ 12} At the conclusion of evidence, the trial court returned verdicts of guilty on all remaining counts with the exception of the remaining count of resisting arrest.

{¶ 13} In case number 20CR369, after merging several counts, Ware was sentenced on count one, trafficking in cocaine, to an indefinite term of incarceration of 10 to 15 years; 36 months on count four, trafficking in a fentanyl-related compound, and 12 months each on counts seven and eight, aggravated possession of drugs. The trial court ordered Ware to serve the sentences consecutively to one another and consecutive to his six-month sentence for aggravated possession of drugs in case number 2021CR688.

{¶ 14} Ware timely filed an appeal and the matter is now before this court for consideration. He raises two assignments of error as follow:

I

{¶ 15} "APPELLANT WAS DEPRIVED OF HIS STATE AND FEDERAL CONSTITUTIONAL RIGHTS TO THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN

COUNSEL FAILED TO PRESENT EVIDENCE IN SUPPORT OF THE SUPPRESSION MOTION THAT WAS PRESENTED AT TRIAL."

II

{¶ 16} "INDEFINITE PRISON TERMS IMPOSED UNDER THE REAGAN TOKES LAW VIOLATE THE JURY TRIAL GUARANTEE, THE DOCTRINE OF SEPARATION OF POWERS, AND DUE PROCESS PRINCIPLES UNDER THE FEDERAL AND STATE CONSTITUTIONS."

I

{¶ 17} In his first assignment of error, Ware argues his counsel rendered ineffective assistance by failing to call Officer Moore as a witness at the suppression hearing. According to Ware, Moore's testimony and dash camera video would have demonstrated Moore detained him before having any specific and articulable facts implicating Ware in a crime. We disagree.

Ineffective Assistance of Counsel

{¶ 18} To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate: (1) deficient performance by counsel, i.e., that counsel's performance fell below an objective standard of reasonable representation, and (2) that counsel's errors prejudiced the defendant, i.e., a reasonable probability that but for counsel's errors, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus. "Reasonable

probability" is "probability sufficient to undermine confidence in the outcome." *Strickland* at 694, 104 S.Ct. 2052.

{¶ 19} Because there are countless ways to provide effective assistance in any given case, judicial scrutiny of a lawyer's performance must be highly deferential. *Strickland*, 466 U.S. 668 at 694, 104 S.Ct. 2052, 80 L.Ed.2d 674. "Decisions on strategy and trial tactics are granted wide latitude of professional judgment, and it is not the duty of a reviewing court to analyze trial counsel's legal tactics and maneuvers." *State v. Quinones*, 8th Dist. Cuyahoga No. 100928, 2014-Ohio-5544, ¶ 18. Decisions about which witnesses to call involve matters committed to counsel's professional judgment. *State v. Williams*, 99 Ohio St.3d 493, 2003-Ohio-4396, 794 N.E.2d 27, ¶ 127

Investigative Stops

{¶ 20} The Fourth Amendment to the United States Constitution prohibits warrantless searches and seizures, rendering them per se unreasonable unless an exception applies. *Katz v. United States*, 389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). An investigative stop, or *Terry* stop, is a common exception to the Fourth Amendment warrant requirement. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Because the "balance between the public interest and the individual's right to personal security" tilts in favor of a standard less than probable cause in such cases, the Fourth Amendment is satisfied if the officer's action is supported by reasonable suspicion to believe that criminal activity "may be afoot." *United States v. Brignoni-Ponce*, 422 U.S. 873, 878, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975); *United States v. Sokolow*, 490 U.S. 1, 7, 109 S.Ct. 1581, 104 L.Ed.2d 1 (1989). In *Terry*, the Supreme Court held that a police officer may stop an individual if the officer has a reasonable suspicion based upon specific

and articulable facts that criminal behavior has occurred or is imminent. See, *State v. Chatton*, 11 Ohio St.3d 59, 61, 463 N.E.2d 1237 (1984).

{¶ 21} The propriety of an investigative stop must be viewed in light of the totality of the circumstances surrounding the stop "as viewed through the eyes of the reasonable and prudent police officer on the scene who must react to events as they unfold." *State v. Andrews*, 57 Ohio St.3d 86, 87-88, 565 N.E.2d 1271 (1991); *State v. Bobo*, 37 Ohio St.3d 177, 178, 524 N.E.2d 489 (1988).

Ware's Arguments

{¶ 22} Ware argues he was immediately detained by officer Moore without justification, a conclusion he argues would have been supported by Moore's dash camera video and his testimony had both been presented during the suppression hearing.

{¶ 23} According to the testimony presented by the state at the hearing, officers were first provided with information from dispatch which could support a charge of disorderly conduct. At the scene, Boggs collected further information from Enterprise employees who confirmed Ware engaged in tumultuous and threatening behavior at the store. At the suppression hearing Boggs testified this behavior could constitute menacing. TS 9. Further, employees requested Ware be trespassed. TS 9-10. When Boggs exited the store to collect further information from Ware and process the trespass request, he found Officer Moore talking to Ware. Boggs heard Ware provide a name and a social security number to Moore. There is nothing in the record to support a conclusion that this interaction with Ware was anything other than consensual. "During a *Terry* stop, an officer can ask for identification or sufficient information to write a citation or to run a background check for outstanding warrants." *State v. Millerton*, 2015-Ohio- 34, 26 N.E.3d 317, ¶ 23

(2d Dist.), citing *State v. Wortham*, 145 Ohio App.3d 126, 761 N.E.2d 1151 (2d Dist.2001); *State v. Harrison*, 2d Dist. Montgomery No. 25128, 2013-Ohio-1235.

{¶ 24} Based on all information available to the officers, we find both Boggs and Moore had reasonable articulable suspicion of criminal activity which justified an investigatory stop of Ware. When Ware then lied about his identity, an investigatory stop became an arrest leading to the discovery of the contraband on Ware's person.

{¶ 25} Because we find the officers possessed reasonable suspicion to conduct an investigatory stop, we also find counsel for Ware did not render ineffective assistance by failing to present testimony from Officer Moore and his dash camera footage during the suppression hearing.

{¶ 26} The first assignment of error is overruled.

II

{¶ 27} In his final assignment of error, Ware argues his indefinite prison terms imposed pursuant to the Reagan Tokes Act, codified in R.C. 2967.271, violates his right to a jury trial, the doctrine of separation of powers, and due process principals under the federal and state constitutions. We disagree.

{¶ 28} We rejected the same challenge in *State v. Householder*, 5th Dist. Muskingum No. CT2021-0026, 2022-Ohio-1542, ¶ 6:

> For the reasons stated in the dissenting opinion of The Honorable W. Scott Gwin in State v. Wolfe, 5th Dist. Licking No. 2020CA00021, 2020-Ohio-5501, we find the Reagan Tokes Law does not violate Appellant's constitutional rights to trial by jury and due process of

law, and does not violate the constitutional requirement of separation of powers. We hereby adopt the dissenting opinion in Wolfe as the opinion of this Court. In so holding, we also note the sentencing law has been found constitutional by the Second, Third, Sixth, and Twelfth Districts, and also by the Eighth District sitting en banc. See, e.g., State v. Ferguson, 2nd Dist. Montgomery No. 28644, 2020-Ohio-4153; State v. Hacker, 3rd Dist. Logan No. 8-20-01, 2020-Ohio-5048; State v. Maddox, 6th Dist. Lucas No. L-19-1253, 2022-Ohio-1350; State v. Guyton, 12th Dist. Butler No. CA2019-12-203, 2020-Ohio-3837; State v. Delvallie, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470. Further, we reject Appellant's claim the Reagan Tokes Act violates equal protection for the reasons stated in State v. Hodgkin, 12th Dist. Warren No. CA2020-08-048, 2021-Ohio-1353.

{¶ 29} The final assignment of error is overruled.

{¶ 30} The judgment of the Richland County Court of Common Pleas is affirmed.

By King, J.,

Gwin, P.J. and

Wise, J. concur.