[Cite as *State v. Crawford*, 2025-Ohio-731.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| EQUAWN CRAWFORD | : | Case No. CT2024-0078 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:
Appeal from the Court of Common Pleas, Case No. CR2023-0806

JUDGMENT:
Affirmed

DATE OF JUDGMENT:
March 5, 2025

APPEARANCES:

For Plaintiff-Appellant

EQUAWN CRAWFORD, PRO SE
INMATE no. 828-662
15708 McConnelsville Road
Caldwell, OH 43724

*King, J.*

{¶ 1} Defendant-Appellant Equawn Crawford appeals the May 6, 2024 judgment of conviction and sentence of the Muskingum County Court of Common Pleas. Plaintiff-Appellee is the State of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2} On December 7, 2023, a Muskingum County Sheriff's deputy conducted a traffic stop of a vehicle driven by Crawford after Crawford failed to stop at a traffic light. During the course of the stop the deputy removed Crawford from the vehicle. Upon doing so, the deputy noticed a gun in Crawford's hoodie pocket. Crawford was searched as a result. A black bag strapped to Crawford's person contained several bags containing either a white powder or a crystalline substance. The bag also contained several pieces of aluminum foil containing white powder. Later testing confirmed the substances were narcotics. Relevant to this matter, one bag contained 60 grams of methamphetamine. A subsequent search of the vehicle produced scales, sandwich baggies, and another gun in the glovebox. Crawford had $2,220 on his person.

{¶ 3} On December 14, 2023, the Muskingum County Grand Jury returned an 11-count indictment charging Crawford with various weapons, trafficking, and drug offenses. Relevant to this appeal, count four of the indictment charged Crawford with aggravated trafficking in methamphetamine pursuant to R.C. 2925.03(A)(2), 2925.03(C)(1)(d), a felony of the second degree. The charge also contained a firearm specification and a property forfeiture specification for the cash found on Crawford.

{¶ 4} Crawford pled not guilty to the charges and filed a motion to suppress the stop and the search of his vehicle. A suppression hearing was scheduled for May 1, 2024.

On that that day, however Crawford appeared with counsel and withdrew his motion to suppress. Pursuant to plea negotiations with the State, Crawford instead agreed to enter a plea of guilty to count four of the indictment and the attendant firearm and forfeiture specifications and to receive a sentence agreed upon by the parties. In exchange, the State agreed to dismiss the balance of the indictment. Crawford signed a plea agreement which outlined the possible penalties, the State's agreement, and the rights Crawford relinquished by entering his plea. The trial court then engaged Crawford in a Crim.R. 11 plea colloquy.

{¶ 5} After the trial court accepted Crawford's guilty plea, Crawford indicated he wished to forgo a presentence investigation and proceed immediately to sentencing. The trial court granted that request and imposed the jointly agreed upon indefinite sentence of eight to eleven and a half years.

{¶ 6} Crawford filed an appeal and was appointed counsel. Thereafter, Crawford's attorney filed an *Anders* brief pursuant to *Anders v. California*, 386 U.S. 738 (1967).

{¶ 7} In *Anders*, the United States Supreme Court held that if, after a conscientious examination of the record, the defendant's counsel concludes that the case is wholly frivolous, then counsel should so advise the court and request permission to withdraw. *Id.* at 744. Counsel must accompany the request with a brief identifying anything in the record that could arguably support the defendant's appeal. *Id.* Counsel also must: (1) furnish the defendant with a copy of the brief and request to withdraw; and (2) allow the defendant sufficient time to raise any matters that the defendant chooses. *Id.* Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist.

If the appellate court also determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id.*

{¶ 8} On September 16, 2024, Crawford's counsel filed a motion to withdraw. By judgment entry filed October 1, 2024, this court noted counsel had filed an *Anders* brief and notified Crawford via certified U.S. Mail that he "may file a pro se brief in support of the appeal within 60 days from the date of this entry." Crawford filed his pro se brief on January 23, 2025. This court accepted Crawford's pro se brief instanter.

{¶ 9} The matter is now before this court for consideration of counsel's *Anders* brief and Crawford's pro se brief. Counsel urges this court to review the following:

I

{¶ 10} THE TRIAL COURT ERRED IN ACCEPTING CRAWFORD'S GUILTY PLEAS UNDER CRIM.R. 11 AND ERRED IN SENTNECING HIM.

{¶ 11} Crawford's brief raises three potential assignments of error as follow:

I

{¶ 12} "APPELLANT EQUAWN CRAWFORD'S GUILTY PLEA WAS INVOLUNTARY AND COERCED BY APPELLANT'S COUNSEL BY THREAT THAT A FAILURE TO WAIVE THE SUPPRESSION HEARING WOULD RESULT IN APPELLANT FACING THE STATE AND COURT ALONE WITH NO COUNSEL IN VIOLATION OF HIS DUE PROCESS RIGHTS AND RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL UNDER THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION."

II

{¶ 13} A MISCARRIAGE OF JUSTICE HAS TAKEN PLACE DUE TO THE FACT THAT THE CONVICTION WAS OBTAINED AS A RESULT OF AN ILLEGAL SEARCH

AND SEIZURE, RESUTING IN VIOLATON OF APPELLANT, EQUAWN CRAWFORD'S FOURTH AMENDMENT RIGHTS UNDER THE UNITED STATES CONSTITUTION

III

{¶ 14} THE MUSKINGUM COUNTY COMMON PLEAS COURT IMPROPERLY STATE APPELLANT WAS SERVING AN INDEFINATE MANDATORY SENTENCE UNDER R.C. 2967.271 VIOLATING APPELLANT'S RIGHT TO KNOW HIS ACTUAL SENTENCE IN COURT.

I

{¶ 15} We first address counsel's proposed assignment of error. Counsel proposes the trial court erred in accepting Crawford's guilty plea under Crim.R. 11 and erred in sentencing him. We disagree.

{¶ 16} When reviewing a plea's compliance with Crim.R. 11(C), we apply a de novo standard of review. *State v. Nero*, 56 Ohio St.3d 106, 108-109 (1990); *State v. Groves*, 2019-Ohio-5025, ¶ 7 (5th Dist.).

{¶ 17} Crim.R. 11 requires guilty pleas to be made knowingly, intelligently, and voluntarily. The Supreme Court of Ohio noted the "different tiers of compliance with the rule" i.e., partially, substantially, strictly, literally, "have served only to unduly complicate what should be a fairly straightforward inquiry." *State v. Dangler*, 2020-Ohio-2765, ¶ 17. The Court stated: "Properly understood, the questions to be answered are simply: (1) has the trial court complied with the relevant provision of the rule? (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden?" *Id*. But the Court reaffirmed the substantial compliance rule when it stated: "the traditional rule continues to apply: a defendant is not

entitled to have his plea vacated unless he demonstrates he was prejudiced by a failure of the trial court to comply with the provisions of Crim.R. 11(C)." *Id.* at ¶ 16, citing *State v. Nero*, 56 Ohio St.3d 106, 108 (1990). In *Nero*, the Supreme Court of Ohio stated: "[l]iteral compliance with Crim.R. 11 is certainly the preferred practice, but the fact that the trial judge did not do so does not require vacation of the defendant's guilty plea if the reviewing court determines that there was substantial compliance." *Nero* at 108. "Substantial compliance" means "under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Id.*

{¶ 18} As to the constitutional notifications, before accepting a plea, a trial court must inform a defendant that by entering a plea, the defendant waives important constitutional rights, specifically: (1) the right to a jury trial; (2) the right to confront one's accusers; (3) the privilege against compulsory self-incrimination; (4) the right to compulsory process to obtain witnesses; and (5) the right to require the state to prove the defendant's guilt beyond a reasonable doubt at trial. Crim.R. 11(C)(2)(c).

{¶ 19} As to the non-constitutional rights, a trial court must notify a defendant of: (1) the nature of the charges; (2) the maximum penalty involved, which includes, if applicable, an advisement on post-release control; (3) if applicable, that the defendant is not eligible for probation or the imposition of community control sanctions; and (4) that after entering a guilty plea or a no contest plea, the court may proceed directly to judgment and sentencing. Crim.R. 11(C)(2)(a) and (b).

{¶ 20} We have reviewed the transcript of Crawford's plea and find the trial court was thorough in its explanations and met *Dangler'*s requirement of compliance with his constitutional and non-constitutional rights; Crawford indicated he understood the implications of his pleas and the rights he was waiving. Transcript of plea and sentence

May 1, 2024 T. at 3-13. Additionally, Crawford signed a Plea of Guilty form which also outlined the possible penalties, the rights Crawford relinquished by entering his plea, and the agreement between the parties. Plea of Guilty filed May 1, 2024, docket item 43.

## SENTENCES

{¶ 21} As for Crawford's sentence, this court reviews felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 2016-Ohio-1002, ¶ 22; *State v. Howell*, 2015-Ohio-4049, ¶ 31 (5th Dist.). Subsection (G)(2) sets forth this court's standard of review as follows:

> (2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

{¶ 22} "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶ 23} "A sentence is not clearly and convincingly contrary to law where the trial court 'considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range.' " *State v. Morris*, 2021-Ohio-2646, ¶ 90 (5th Dist.), reversed on other grounds; *State v. Morris*, 2022-Ohio-4609, quoting *State v. Dinka*, 2019-Ohio-4209, ¶ 36 (12th Dist.).

{¶ 24} Following a properly conducted Crim.R. 11 colloquy, Crawford pled guilty to one felony of the second degree. T. at 13. Pursuant to R.C. 2929.14(A)(2)(a), "[f]or a felony of the second degree committed on or after March 22, 2019, the prison term shall be an indefinite prison term with a stated minimum term selected by the court of two, three, four, five, six, seven, or eight years and a maximum term that is determined pursuant to section 2929.144 of the Revised Code[.]"

{¶ 25} Crawford received a sentence that was jointly recommended by the parties; a mandatory seven years for trafficking in methamphetamine and an additional mandatory year for the gun specification, which must be served consecutively. Pursuant the Reagan Tokes Act, codified as R.C. 2929.144, Crawford received an aggregate indefinite prison term of eight to eleven and a half years. Judgment Entry filed May 6, 2024. The trial court notified Crawford of postrelease control and his right to appeal. T. at 13, 19. While we note he trial court did not mention the appropriate sentencing factors on the record, it did

state its consideration in the sentencing judgment entry, and further, this was an agreed upon sentence. Pursuant to R.C. 2953.08(D)(1), a sentence imposed upon a defendant is not subject to review "if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." "The General Assembly intended a jointly agreed-upon sentence to be protected from review precisely because the parties agreed that the sentence is appropriate. Once a defendant stipulates that a particular sentence is justified, the sentencing judge no longer needs to independently justify the sentence." *State v. Porterfield*, 2005-Ohio-3095, ¶ 25.

{¶ 26} Upon review of the record, we find the trial court properly informed Crawford of the consequences of his pleas, imposed sentences within the permissible statutory range and as agreed upon by the parties, explained the stated and indefinite sentences, and properly imposed postrelease control. Crawford's sentences are therefore not clearly and convincingly contrary to law.

I

{¶ 27} We next address Crawford's assignments of error. Crawford first argues trial counsel was ineffective. Specifically, Crawford alleges his counsel coerced him into pleading guilty.

{¶ 28} To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate: (1) deficient performance by counsel, i.e., that counsel's performance fell below an objective standard of reasonable representation, and (2) that counsel's errors prejudiced the defendant, i.e., a reasonable probability that but for counsel's errors, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-688, 694 (1984); *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraphs two and three

of the syllabus. "Reasonable probability" is "probability sufficient to undermine confidence in the outcome." *Strickland* at 694.

{¶ 29} Because there are countless ways to provide effective assistance in any given case, judicial scrutiny of a lawyer's performance must be highly deferential. *Strickland,* 466 U.S. 668 at 694. "Decisions on strategy and trial tactics are granted wide latitude of professional judgment, and it is not the duty of a reviewing court to analyze trial counsel's legal tactics and maneuvers." *State v. Quinones*, 2014-Ohio-5544, ¶ 18 (8th Dist.)

{¶ 30} Crawford alleges his trial counsel threatened him by telling him to plead or else counsel would withdraw representation leaving Crawford to represent himself. The record however, is devoid of any evidence to support Crawford's self-serving allegations. Indeed, the record reflects Crawford indicated he was satisfied with the advice and assistance of counsel, and had not been threatened in any way in order to procure his guilty plea. T. 10-11.

{¶ 31} Crawford's first assignment of error is without merit.

II

{¶ 32} In his second assignment of error, Crawford argues his conviction was obtained as the result of an illegal search and seizure. However, as noted in our recitation of the procedural history of this matter, Crawford withdrew his motion to suppress. Since this argument was not raised to the trial court, it will not be addressed by this Court; new arguments will not be considered for the first time on appeal. See *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 360 (1992) (issues not raised and tried in the trial court cannot be raised for the first time on appeal).

{¶ 33} Crawford's second assignment of error is overruled.

{¶ 34} In his final assignment of error, Crawford alleges the trial court imposed an illegal mandatory sentence pursuant to R.C. 2929.144, the Reagan Tokes Act. We disagree.

{¶ 35} Crawford pled guilty to one count of aggravated trafficking in drugs. The indictment alleged Crawford "did knowingly prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance or a controlled substance analog, when the offender knows or has reasonable cause to believe that the controlled substance or a controlled substance analog is intended for sale or resale by the offender or another person and the drug involved in the violation is any compound, mixture, preparation, or substance included in Schedule I or Schedule II, to wit: Methamphetamine, a Schedule II drug and the amount of the drug equals or exceeds five times the bulk amount but is less than fifty times the bulk amount."

{¶ 36} R.C. 2925.03(C)(1) addresses sentencing for trafficking offenses. R.C. 2925.03(C)(1)(d) provides "if the amount of the drug involved equals or exceeds five times the bulk amount but is less than fifty times the bulk amount, aggravated trafficking in drugs is a felony of the second degree, and the court shall impose as a mandatory prison term a second degree felony mandatory prison term." Crawford was therefore subject to a mandatory sentence.

{¶ 37} The trial court explained the indefinite sentence involved twice during the plea and sentencing hearing, once during the plea colloquy and again when Crawford questioned the court about "good time credit." The court explained that he would serve the mandatory seven years imposed for trafficking, plus the mandatory consecutive sentence for the gun specification. The court then explained the rebuttable presumption

that Crawford would be released at that point, but that under R.C. 2929.144, he could potentially be held up to ten and a half years depending on the Department of Rehabilitation and Correction's evaluation of his conduct while in prison. T. 7-8, 17-19.

{¶ 38} The record reflects the trial court imposed a mandatory sentence for Crawford's trafficking conviction, not R.C. 2929.144. Further the court never stated it was imposing a mandatory sentence pursuant to R.C. 2929.144 . Accordingly, Crawford's final assignment of error is overruled.

## Conclusion

{¶ 39} "*Anders* equated a frivolous appeal with one that presents issues lacking in arguable merit .... An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." *State v. Pullen*, 2002-Ohio-6788, ¶ 4 (2d Dist.).

{¶ 40} After independently reviewing the record, we agree with appellate counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. We therefore find the appeal to be wholly frivolous under *Anders*, grant counsel's request to withdraw, and affirm the judgment of the trial court.

{¶ 41} The judgment of the Muskingum County Court of Common Pleas is hereby affirmed.


By King, J.,

Baldwin, P.J. and

Hoffman, J. concur.